IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAMIEN BRABOY,

Plaintiff,

v.

ILLINOIS DEPARTMENT OF
CORRECTIONS, JACQUELINE A.
LASHBROOK, CALEB E. ZANG, A.
MASTERSON, SGT. SNELL, K. ELLIS
and C/O GRAVES,

Defendants.                                                No. 17-cv-922-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center (Doc. 1). Plaintiff claims defendants were deliberately indifferent to his serious medical issues, subjected him to unconstitutional conditions of confinement, violated his due process rights, interfered with his access to courts, and retaliated against him in violation of the Eighth, Fourteenth, and First Amendments. He also seeks injunctive relief which was construed as a motion for preliminary injunction (Doc. 5). The Court screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and the following claims survived review:

> Count 3: Lashbrook failed to intervene when Plaintiff was subjected to retailiation, cruel and unusual punishment, unlawful detention, harassment, and deliberate indifference to his medical needs by individual defendants;
> Count 6: Lashbrook and Graves showed deliberate indifference to Plaintiff's serious medical need involving the injury he sustained to his eyes on march 28, 2017, in violation of the Eighth Amendment;
> Count 7: Masterson, Snell, Ellis, and Zang retaliated against Plaintiff for and/or exercised prior restraint on Plaintiff to prevent Plaintiff from filing grievances and otherwise complaining about his treatment, in violation of the First Amendment;
> Count 9: Illinois state law claim against Masterson, Snell, Graves, Ellis Zang, and Lashbrook for intentionally inflicting emotional distress upon Plaintiff; and
> Count 12: Illinois state law claims against the Illinois Department of Corrections for indemnification.

(Doc. 8).

On January 12, 2018, defendants filed their opposition to the motion for preliminary injunction (Doc. 21). On March 16, 2018, Magistrate Judge Reona J. Daly, pursuant to 28 U.S.C. § 636(b)(1)(B), submitted a Report and Recommendation ("the Report") (Doc. 29). The Report recommends that the Court deny the motion for preliminary injunction. The Report found that plaintiff's request for injunctive relief is moot as plaintiff has been transferred from Menard Correctional Center to Pontiac Correctional Center and that despite the transfer plaintiff has not met his burden in showing that he is entitled to a preliminary injunction (Doc. 29 pg. 4).

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. To date, none of the parties has filed objections. The period in which to file

objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Accordingly, the Court **ADOPTS** the Report (Doc. 29). The Court **DENIES** Plaintiff's order for show cause for preliminary injunction construed as a motion for preliminary (Doc. 5) for the reasons given in the Report and Recommendation.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.05
09:45:24 -05'00'

**United States District Judge**