### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAMIEN BRABOY,**

**Plaintiff,**

**v.**

**ILLINOIS DEPARTMENT OF
CORRECTIONS, JACQUELINE A.
LASHBROOK, CALEB E. ZANG, A.
MASTERSON, SGT. SNELL, K. ELLIS
and C/O GRAVES,**

**Defendants.**                                                  **No. 17-cv-922-DRH**

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center, brought this

pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging his constitutional

rights were violated while he was incarcerated at Menard Correctional Center (Doc.

1). Plaintiff claims defendants were deliberately indifferent to his serious medical

issues, subjected him to unconstitutional conditions of confinement, violated his

due process rights, interfered with his access to courts, and retaliated against him

in violation of the Eighth, Fourteenth, and First Amendments. The Court screened

plaintiff's complaint pursuant to 28 U.S.C. § 1915A and the following claims

survived review:

> Count 3: Lashbrook failed to intervene when Plaintiff was subjected to
> retaliation, cruel and unusual punishment, unlawful detention,

harassment, and deliberate indifference to his medical needs by individual defendants;

Count 6: Lashbrook and Graves showed deliberate indifference to Plaintiff's serious medical need involving the injury he sustained to his eyes on march 28, 2017, in violation of the Eighth Amendment;

Count 7: Masterson, Snell, Ellis, and Zang retaliated against Plaintiff for and/or exercised prior restraint on Plaintiff to prevent Plaintiff from filing grievances and otherwise complaining about his treatment, in violation of the First Amendment;

Count 9: Illinois state law claim against Masterson, Snell, Graves, Ellis Zang, and Lashbrook for intentionally inflicting emotional distress upon Plaintiff; and

Count 12: Illinois state law claims against the Illinois Department of Corrections for indemnification.

(Doc. 8).

On November 28, 2017, defendants filed a partial motion to dismiss (Doc. 15). Specifically, defendants move to dismiss Count 12, the indemnification claim, arguing that the Illinois State Employee Indemnification Act, 5 ILCS 350/0.01, *et seq*. does not provide for a private cause of action and plaintiff fails to state a claim upon which relief can be granted. Braboy opposes the motion stating that he does not understand the motion, but argues that he should be allowed to proceed because the Court allowed the claim in its initial Order (Doc. 32).

On July 10, 2018 Magistrate Judge Reona J. Daly, pursuant to 28 U.S.C. § 636(b)(1)(B), submitted a Report and Recommendation ("the Report") (Doc. 38). The Report recommends that the Court grant the partial motion to dismiss. The Report found: "[a]s correctly argued by Defendants, the Illinois State Employee

Indemnification Act does not expressly create a private cause of action, and there has been no showing that Plaintiff meets the criteria for an implied cause of action. *See* 5 ILCS 350/2; *see also Emerald Pork, II, Ltd v. Purina Mills, Inc.*, 17 F.Supp.2d 816, 8117 (C.D. Ill. Sept. 23, 1998)('A private cause of action will be implied in Illinois only if: (1) plaintiff is a member of a class for whose benefit the Act was enacted; (2) it is consistent with the underlying purpose of the Act; (3) plaintiff's injury is one the Act was designed to prevent; and (4) it is necessary to provide an adequate remedy for violations of the Act.')…. Accordingly, Count 12 against the IDOC must be dismissed as it is premised on a 'mere legal conclusion' that 'does not … purport to make a substantive claim,' and a federal court cannot enter a money judgment requiring the State of Illinois to indemnify its employees. *Id*." (Doc. 38, p. 3).

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. To date, none of the parties has filed objections. The period in which to file objections has expired. Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 38). The Court **GRANTS** defendants' partial motion to dismiss (Doc. 15). The Court **DISMISSES with prejudice** Count 12 of plaintiff's complaint and the IDOC as a defendant. The Court **DIRECTS** the Clerk of the Court to enter judgment

reflecting the same at the conclusion of this case.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.30
11:20:33 -05'00'

**United States District Judge**